UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| Federal Trade Commission,<br><br>    Plaintiff,<br><br>    v.<br><br>iBackPack of Texas, LLC, *et al.*,<br><br>    Defendants. | Civil Action No. 3:19-cv-00160<br><br>Judge George C. Hanks, Jr.<br>Magistrate Judge Andrew M. Edison |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**under Rule 26(f) of the**
**Federal Rules of Civil Procedure**

**1.** **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

The conference among the parties required by Rule 26(f) was held telephonically on Tuesday, July 23.

For the plaintiff, the Federal Trade Commission, the conference was attended by the following counsel:

| | |
|---|---|
| Patrick Roy<br>Federal Trade Commission<br>600 Pennsylvania Ave NW<br>Mail Stop CC-10232<br>Washington, DC 20580<br>D.C. Bar # 1023521<br>202-326-3477  (phone)<br>202-326-3768  (fax)<br>proy@ftc.gov | Daniel Hanks<br>Federal Trade Commission<br>600 Pennsylvania Ave NW<br>Mail Stop CC-10232<br>Washington, DC 20580<br>D.C. Bar # 495823<br>202-326-2472  (phone)<br>202-326-3768  (fax)<br>dhanks@ftc.gov |

1

Defendant Douglas Monahan attended the conference *pro se*:

> Douglas Monahan
> 409 Colonial Drive
> Friendswood, TX 77546
> 512-281-6533 (phone)
> doug.monahan@ibackpack.net

Defendant iBackPack of Texas, LLC, was not represented by counsel at the conference.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   The parties are unaware of any case pending in federal court that is related to this law enforcement action.

   The defendants are currently being sued by the Texas Attorney General's office in state court: *State of Texas v. iBackPack of Texas, LLC, and Douglas W. Monahan*, filed on May 6, 2019, in the 201st District Court of Travis County, Texas, as Cause No. 19-002468.

3. **Briefly describe what this case is about.**

   Plaintiff states the following: The Federal Trade Commission alleges that the defendants, Douglas Monahan and his company, iBackPack of Texas, LLC, deceptively operated four crowdfunding campaigns from approximately August 2015 to March 2017. The defendants solicited money on two crowdfunding sites, Indiegogo and Kickstarter, purportedly to produce and distribute certain products, such as an "iBackPack" that incorporates various technology features. The defendants raised over $800,000 but, the Federal Trade Commission alleges, did not use the funds to produce and distribute the advertised products.

   The Federal Trade Commission alleges that these actions violate Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

   Defendants state the following: The funds were used to produce and distribute the advertised products. Crowdfunding sites Indiegogo and Kickstarter were used. The defendants raised over $800,000 but it was not close to the monies needed to successfully launch the company. Defendant has not closed the campaign, nor the company. It plans to honor all obligations asap. Conversely, it is the view of the

defendants that the scope of the affected consumers and any of the defendant's actions, intention or otherwise, which may be determined to have been misleading or unfair would be limited to the last one or two small groups of backers who came late to the campaign and thus lacked the contextual knowledge and experience of those who had been with the defendants from the beginning.

4. **Specify the allegation of federal jurisdiction.**

   Paragraph 2 of the Complaint alleges multiple bases for federal jurisdiction: 28 U.S.C. § 1331 (civil actions arising under the laws of the United States); 28 U.S.C. § 1337(a) (civil actions arising under an Act of Congress regulating commerce), 28 U.S.C. § 1345 (civil actions commenced by an agency of the United States); 15 U.S.C. §§ 45(a) and 53(b) (district court actions by the Federal Trade Commission).

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   No parties disagree with the jurisdictional allegations.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff does not anticipate any additional parties.

   It is the view of the defendants that the current Texas state action filed by the AG's office is duplicitous and should be subsumed or consolidated within the instant action to the extent that is legally and procedurally viable. Defendants' hereby wish to just preserve their intent to make such an argument once they have sufficiently researched the law on this.

7. **List anticipated interventions.**

   Plaintiff states the following: No interventions are anticipated.

   Defendants state the following: Agreed, unless defendants are able to stay the state court proceedings during the pendency of this action in which case the TX AG's office would likely seek to intervene.
   .

**8.     Describe class-action issues.**

This action is not brought as a putative class action and the parties are unaware of any class-action issues.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff states the following:  Pursuant to Rule 26(a)(1)(C), the parties are required to make their initial disclosures by August 7, 2019.

Defendants state the following:  We cannot represent that we have made the initial disclosures required by Rules 26(a). Defendant needs an additional 90 days, minimum,  in order to read the Rules of Civil Procedures. At this time, Defendant doesn't understand what initial disclosures mean. We are reading as much of the Rules of Civil Procedure as quickly as possible, have subscribed to Pacer and Westlaw and spending as much time as possible toward meeting the obligations of the Court. We have asked Plaintiff to petition the courts for an additional 90 days to allow Defendants time to understand what we are committing to, but they have refused.

**10.    Describe the proposed agreed discovery plan, including:**

**a. responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;**

The parties plan to conduct discovery as permitted under the Federal Rules of Civil Procedure.  The parties agree that discovery requests, responses, and productions will be exchanged by electronic mail and/or next-day delivery service. The parties also agree to produce documents in the form in which they are ordinarily maintained or, if that is not practicable, in a reasonably usable form. The parties discussed the need to preserve documents that may be relevant to the case.

Defendants additionally state the following:  The Plaintiff has been aware a great deal of the financial materials for this campaign have to be recreated by banks or CPA firms. Defendant's offices suffered a great deal of water damages. Over ten computers were completely destroyed that contained emails, brochures and

communication. The fire department was called and details of the water damage incident are well documented. There was insurance filed; however, the insurance policy only paid for new computers – there is no policy to replace lost data. Moving forward, Defendants agree to provide best efforts to preserve all documents relevant to the case.

**b.  when and to whom the plaintiff anticipates it may send interrogatories;**

Plaintiff anticipates that it will send initial interrogatories to both defendants by September 13, 2019, and any supplemental interrogatories at least 30 days prior to the discovery cutoff.

Defendant states the following:  Defendant does not fully understand what an interrogatory is nor does it understand how much time it is going to have to answer these interrogatories.

**c.  when and to whom the defendant anticipates it may send interrogatories;**

Defendants state they will comply with the Federal Rules of Civil Procedure and court deadlines, however, must reiterate that some of the documents may be sent incorrectly to the courts unless we have more time to better understand what our obligations are to the courts.

Defendant cannot yet anticipate when they might send interrogatories because we do not understand what an interrogatory is. Defendants further note that they require at least an additional 90 days to read, study and better understand the Federal Rules of Civil Procedure.

**d.  of whom and by when the plaintiff anticipates taking oral depositions;**

Plaintiff anticipates it may take depositions of Douglas Monahan, current or former employees or independent contractors with relevant information, and any other person with relevant information.  Plaintiff may also seek to take depositions of one or more consumers who are unavailable to testify at trial.  Plaintiff anticipates completing all depositions by the end of discovery.

Defendants state the following:  Defendant needs to know how much time Plaintiff is going to require for the oral depositions, what dates it plans on conducting same, where and how. We do not understand what materials are going to be needed produced, whether we have them or where we may obtain them if needed. Defendants will comply with the Courts decisions, however ill informed, unprepared it may be due to the Plaintiff's unwillingness to allow time.

**e. of whom and by when the defendant anticipates taking oral depositions;**

Defendants state they will make their best efforts to comply with the Federal Rules of Civil Procedure and court deadlines, but cannot anticipate when they might take oral depositions. Defendants further note that they require time to review the Federal Rules of Civil Procedure. Defendants anticipate it may take depositions of persons most knowledgeable as to particular issues within the company, current or former employees or independent contractors with relevant information, and any other person with relevant information. Defendants may also seek to take depositions of consumers regardless of their availability for any subsequent trial. Defendants anticipate completing all depositions by the end of discovery.
We need at least until December 13th, but this date is merely a guess because Plaintiff has stated it will have same done by September 13th, 2019.

**f. (i) the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**

Plaintiff does not currently expect to designate any experts in this matter. If Plaintiff does designate one or more experts, Plaintiff will do so and provide expert reports by November 4, 2019.

**(ii) the date experts for defendant will be designated and their reports provided to opposing party;**

Plaintiff proposes that, if Defendants designate one or more experts, Defendants be required to do so by a deadline of December 4, 2019.

Defendants state they will make their best efforts to comply with the Federal Rules of Civil Procedure and court deadlines, but cannot anticipate when they might designate experts and cannot agree to any deadline proposed by Plaintiff. Defendants further note that they require time to review the Federal Rules of Civil Procedure. Defendants wish for the Court to understand that Crowd Funding is a new vehicle for new entities to raise monies. No other cases have been tried by the FTC in the crowd funding space where Defendants have attempted to meet their obligations. There are four thousand individuals who participated in the campaign. It is unreasonable for Defendant to be able to identify the expert witnesses by December 4, 2019; however, if the Court requires same – Defendants will oblige regardless of how unexperienced and how ill prepared Defendants may be.

**g. list of expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date (see Rule 26(a)(2)(B) (expert report)); and**

6

Plaintiff anticipates that it may depose any experts designated by Defendants. Plaintiff anticipates that any such depositions can be completed by the end of discovery.

h. **list of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (see Rule 26(a)(2)(B) (expert report)).**

Defendants will attend the Plaintiff's depositions of Defendants' experts and reserves the right to participate therein with any clarifying or rebuttal questions.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Although the parties conferred telephonically on July 23, 29, 30, 31, and August 1, Defendants ultimately represented that they lacked sufficient information to agree to any deadline for the close of discovery (Item 13) or for their disclosure of any experts and expert reports (Item 10.f.ii). Accordingly, those portions of the discovery plan set forth both the Plaintiff's proposed deadlines and Defendants statement concerning its inability to propose or agree to deadlines.

    Defendants state the following: Defendant is suffering from severe blood clots, aka deep vein thrombosis leading to life threatening pulmonary embolisms. Plaintiff is not taking into account the severity of these illnesses, the time required to spend on personal health care and the complete lack of understanding of the Rules of Civil Procedure. Defendant plans on petitioning the courts to allow it additional time – at least ninety days – understand same.

    Additionally, Defendants are committed to fulfilling any, and all, of its obligations to any of the individuals who have backed their iBackPack campaign. This requires time – at least 90 days – to reconnect with the backers and discuss with them timeframes and products to be distributed. There is also the issue with batteries exploding and catching fire, we need to have backers sign a release.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    The parties have not engaged in formal discovery as of the date of this filing.

13. **State the date the planned discovery can reasonably be completed.**

7

Plaintiff states that it expects discovery can reasonably be completed by January 31, 2020.

Defendants state the following: Defendants agree to honor and respect the Courts decisions regarding timings; however, need the Court to understand the answers may be incomplete and not conforming to the Courts standards unless granted more time – at least ninety days. Defendants state that they have no basis for knowing when discovery can reasonably be completed. Defendants further note that they require time to review the Federal Rules of Civil Procedure. De

**14.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff states the following: The FTC presented Defendants with a proposed settlement order on November 21, 2018, but settlement discussions have not substantively advanced. In light of these circumstances, a prompt settlement does not appear likely.

Defendants state the following: Defendant has made counter offers. All were denied by the FTC. A prompt settlement does not appear likely.

**15.** **Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

Plaintiff states the following: In an effort to facilitate a prompt resolution, the Federal Trade Commission initially presented the defendants with terms for a negotiated resolution in late November 2018, more than five months prior to filing this action.

Defendants state the following: Defendants have repeatedly offered to negotiate a mutual resolution. Defendants have presented Plaintiff with numerous recommendations for a negotiated resolution. Plaintiff refuses to negotiate any of their terms. There were no negotiations beginning in November, 2018. Defendant has requested Plaintiff examine its case as required 103 F.T.C. 110. 174 (1984) Plaintiff refuses to "examine the practice from the perspective of a consumer acting reasonably in the circumstances. If the representation or practice affects or is directed primarily to a particular group, the Commission examines reasonableness from the perspective of that group." Those who back crowdfunding are highly educated, recognize this is a new business and the chances of success are slim. All have been notified by Indiegogo they may not

receive their perk throughout the Indiegogo site.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

   In light of the lack of progress toward a negotiated resolution over the prior seven months, the parties do not at present believe that alternative dispute resolution proceedings will be useful. The parties are open to the possibility that alternative dispute resolution proceedings may be useful at a later date.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   The parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

   No jury demand has been made pursuant to Rule 38.[1]

19. **Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

   Plaintiff estimates that it will take less than sixteen hours to try this case.

20. **List pending motions that could be ruled on at the initial pretrial conference.**

   None.

21. **List other motions pending.**

---

[1] Plaintiff notes that even if a demand had been made, there is no right to a trial by jury in an action that is brought pursuant to Section 13(b) of the FTC Act. *FTC v. Think All Publ'g, L.L.C.*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008) (reviewing authorities and concluding that "[t]he cases have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought under Section 13(b)").

There are no motions currently pending.

Defendants state the following: Defendants note that they did file a motion to dismiss that was stricken by this Court for its deviation from instructions related to same. Defendants expect to file by next week a letter requesting a pre-trial conference to facilitate the Court entertaining a modified motion to dismiss and/or motion for more definite statement.

22. **Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

    Plaintiff states the following: Plaintiff anticipates that the defendants, who are not represented by counsel, may not be prepared to timely and completely fulfill their discovery obligations, and that accordingly Plaintiff may need at times to seek the intervention of the Court.

    Defendants state the following: Plaintiff is not recognizing the FTCs own rules regarding recognizing different classes of consumers.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    The plaintiff, the Federal Trade Commission, filed and served its Disclosure on May 20, 2019, as directed by the Order for Conference and Disclosure of Interested Parties.

    Defendants state the following: Defendants note that due to unfamiliarity with the rules and lack of understanding the disclosure requirements were applicable to them the defendants, iBackPack of Texas, LLC, and Douglas Monahan, did not file or serve any Disclosures, but they have assured the Plaintiff this will be rectified within two weeks.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

    Plaintiff, the Federal Trade Commission, is represented by the following:

    Patrick Roy                                                  Daniel Hanks

| | |
|---|---|
| D.C. Bar # 1023521 | D.C. Bar # 495823 |
| Federal Trade Commission | Federal Trade Commission |
| 600 Pennsylvania Ave NW | 600 Pennsylvania Ave NW |
| Mail Stop CC-10232 | Mail Stop CC-10232 |
| Washington, DC 20580 | Washington, DC 20580 |
| 202-326-3477 (phone) | 202-326-2472 (phone) |
| 202-326-3768 (fax) | 202-326-3768 (fax) |
| proy@ftc.gov | dhanks@ftc.gov |

Defendant Douglas Monahan is appearing *pro se*:

Douglas Monahan
409 Colonial Drive
Friendswood, TX 77546
512-281-6533 (phone)
doug.monahan@ibackpack.net

Defendant iBackPack of Texas, LLC, is not represented by counsel.


 /s/ Patrick Roy                                            8/2/2019          _
Patrick Roy, Counsel for Plaintiff                             Date


 /s/ Douglas Monahan                                       8/2/2019          
Douglas Monahan, Defendant, *pro se*                           Date

## CERTIFICATE OF SERVICE

I, Daniel O. Hanks, an attorney, hereby certify that on August 2, 2019, I caused to be served true copies of the foregoing Joint Discovery/Case Management Plan on the Defendants through the CM/ECF System and by first-class mail.

/s/  Daniel O. Hanks
Daniel O. Hanks
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3477
proy@ftc.gov

Attorney for Plaintiff
Federal Trade Commission