

UNITED STATES OF AMERICA
Federal Trade Commission
HEADQUARTERS (HQ)

Patrick Roy
Bureau of Consumer Protection
Phone: (202) 326-3477
Email: proy@ftc.gov

January 31, 2020

The Hon. Andrew M. Edison, U.S. Magistrate Judge
United States Courthouse
601 Rosenberg Avenue, Seventh Floor
Galveston, TX  77550

**RE:   Pre-motion conference in *FTC v. iBackPack of Texas, LLC*, No. 3:19-cv-00160**

Dear Judge Edison:

Plaintiff, the Federal Trade Commission ("FTC"), plans to file a motion for summary judgment against defendant Douglas Monahan[1] by the February 7, 2020, deadline for dispositive motions set forth in the Docket Control Order.  (Dkt. 20.)  Pursuant to Section 6.B of the Court's procedures, the FTC submits this letter, which is also being served on Defendant Monahan, briefly setting forth the basis for its motion and affirming that it has conferred with Defendant Monahan about the relief requested.

**A.     The Basis for the FTC's Summary Judgment Motion**

The FTC's one-count complaint, filed on May 6, 2019, alleges that Defendant Douglas Monahan—operating through his company, Defendant iBackPack of Texas, LLC—took more than $800,000 from consumers through four crowdfunding campaigns, falsely claiming that the funds would primarily be used to develop and produce a high-tech backpack and other products for those consumers.  In truth, however, Monahan converted a substantial portion of the funds for his personal use, and spent much of what remained on marketing efforts in an attempt to solicit more campaign contributions.  He did not provide a single completed product to consumers, and failed to take basic steps to fulfill the campaigns.  As consumers' complaints mounted and Defendants faced a potential suspension of their ability to crowdfund, Defendants doubled down on their misrepresentations, falsely claiming that the products they had never created had already shipped to consumers.

---

[1] By separate motion pursuant to Federal Rule 55(b), the FTC plans to seek the entry of a default judgment against iBackPack of Texas, LLC, the only other defendant to this action.  Default was entered against iBackPack of Texas, LLC, on August 28, 2019.  (Dkt. 26.)

These deceptive actions violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. As explained in the FTC's anticipated motion, the material facts necessary for the Court to grant summary judgment—which are demonstrated in large part through Defendant's pleadings, testimony, and documents—are undisputed, and the FTC is entitled to judgment as a matter of law.

The FTC is seeking the entry of a proposed order that includes (i) permanent injunctive provisions to prevent future violations; (ii) a monetary judgment against Monahan in an amount equal to consumer injury; and (iii) monitoring, reporting, and recordkeeping provisions to ensure Monahan's compliance. The relief sought is authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). *See, e.g., FTC v. Sw. Sunsites, Inc.*, 665 F.2d 711, 718 (5th Cir. 1982) ("Section 13(b) carries with it the authorization for the district court to exercise the full range of equitable remedies traditionally available to it"). Numerous courts of this Circuit have entered final orders providing permanent injunctive and monetary relief of the type sought here.[2]

**B.     Conference of the Parties**

The FTC conferred by telephone on January 30, 2020 with Defendant Monahan, who is appearing in this matter *pro se*. Mr. Monahan confirmed that he does not consent to the relief requested in the FTC's motion for summary judgment.

The parties have, over the preceding year, intermittently discussed a negotiated resolution to the FTC's claim; earlier this month those discussions resumed. If the renewed discussions result in a proposed stipulated final order—it is unclear, at present, if this outcome is likely—the FTC will promptly update the Court. As no such agreement has been reached or appears imminent, the FTC is adhering to the dispositive motion deadline of the Docket Control Order.

Respectfully,

/s/ Patrick Roy, Counsel for Plaintiff

cc:     Douglas Monahan

---

[2] *E.g., United States v. Commercial Recovery Sys., Inc.*, No. 15-036 (E.D. Tex. Apr. 18, 2016) (summary judgment order providing permanent injunctive and monetary relief); *United States v. Cornerstone Wealth Corp.*, 549 F. Supp. 2d 811, 821 (N.D. Tex. 2008) (same); *FTC v. IAB Mktg. Assocs., LP,* No. 14-458 (N.D. Tex. Oct. 10, 2014) (stipulated final order providing permanent injunctive and monetary relief); *FTC v. Medical-Billing.Com, Inc.*, No. 02-702 (N.D. Tex. Nov. 19, 2003) (same); *FTC v. Churchill*, No. 00-324 (S.D. Tex. Apr. 20, 2001) (Hittner, J.) (same).