UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**IBACKPACK OF TEXAS, LLC**, a Texas limited liability company; and<br><br>**DOUGLAS MONAHAN**, individually and as a corporate officer;<br><br>　　　　Defendants. | Case No. 3:19-cv-00160 |

**PLAINTIFF FEDERAL TRADE COMMISSION'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT IBACKPACK OF TEXAS, LLC,
AND SUPPORTING MEMORANDUM**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 1
II.  NATURE AND STAGE OF PROCEEDINGS ............................................................ 1
III. STATEMENT OF THE ISSUES TO BE RULED UPON ......................................... 2
IV.  SUMMARY OF THE ARGUMENT ........................................................................... 3
V.   LEGAL ARGUMENT .................................................................................................. 4
  A. The Complaint Provides Fair Notice of Plaintiff's Claim .......................................... 4
  B. All Relevant Factors Weigh in Favor of Default Judgment ...................................... 5
  C. Entry of Default is Warranted ................................................................................... 6
VI.  REQUEST FOR RELIEF ............................................................................................. 7
  A. Injunctive Conduct Relief .......................................................................................... 7
  B. Monetary Relief .......................................................................................................... 9
  C. Standard FTC Order Provisions to Protect Consumers and to Monitor Defendant's Compliance ............................................................................................................... 10
VII. CONCLUSION ........................................................................................................... 11

## I.  INTRODUCTION

Plaintiff, the Federal Trade Commission (the "FTC"), hereby moves, pursuant to Federal Rule of Civil Procedure 55, that the Court enter a final order that would resolve the FTC's claims concerning one of the two defendants to this action, iBackPack of Texas, LLC ("iBackPack of Texas"), which has been in default since August 2019. Default judgment is warranted because (i) the allegations of the Complaint are more than sufficient to provide the requisite "fair notice" for purposes of Rule 55, and (ii) all relevant factors weigh in favor of entering default judgment.

The FTC respectfully requests that the Court enter its proposed order for permanent injunction and final judgment, which is identical to the injunctive and monetary relief sought in connection with the FTC's motion for summary judgment against the other defendant to this action, Douglas Monahan.[1]  Because the amount of the monetary judgment sought can be mathematically calculated from documents, the Court can enter judgment in that amount without an evidentiary hearing.

## II.  NATURE AND STAGE OF PROCEEDINGS

The FTC commenced this action on May 6, 2019, alleging that Defendants iBackPack of Texas and Douglas Monahan violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by engaging in deceptive acts or practices in the course of operating multiple crowdfunding campaigns.  (Dkt. 1.)  On August 26, 2019, the FTC filed an

---

[1] Alternatively, the Court would be justified in entering judgment against iBackPack of Texas pursuant to Rule 56, as the FTC's motion for summary judgment against Douglas Monahan also demonstrates that the material facts necessary for the Court to grant summary judgment against iBackPack of Texas are undisputed, and that the FTC is entitled to judgment against iBackPack of Texas as a matter of law. (Dkt. 35, Section VI.c.)

application seeking entry of default on the basis that, because iBackPack of Texas is an entity that can only participate in federal litigation through licensed counsel, and no attorney had entered an appearance on its behalf, it had failed to plead or otherwise defend this action. (Dkt. 25.) Default was entered by the Clerk, pursuant to Federal Rule 55(a), on August 28, 2019. (Dkt. 26.) Since that time, no attorney has appeared on behalf of iBackPack of Texas, which has not sought to set aside the default.

Through its motion, the FTC seeks a permanent injunction banning Defendant iBackPack of Texas from engaging in or participating in crowdfunding activities and enjoining it from further violations of Section 5 of the FTC Act. The FTC also seeks an equitable monetary judgment against Defendant for $797,502.20, which represents the consumer injury caused by Defendants' deceptive activities.

### III. STATEMENT OF THE ISSUES TO BE RULED UPON

The FTC submits the following statement of issues that are to be decided by the Court in connection with the FTC's Motion for Default Judgment:

A. Whether entry of default judgment against iBackPack of Texas for violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), is warranted pursuant to Federal Rule 55.

B. The amount of equitable monetary relief to be granted for Defendant's violations of the FTC Act.

C. The scope of the injunctive relief to be granted for Defendant's violations of the FTC Act.

Entry of default judgment requires that the complaint allege sufficient facts to provide the defaulting defendant with "fair notice" of the claim against it. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498-99 (5th Cir. 2015). Beyond this, in determining whether to enter a default judgment, the district court considers factors such as whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether default was caused by good faith mistake or excusable neglect, the harshness of default judgment, and whether the Court would feel obligated to set aside default on defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### IV.   SUMMARY OF THE ARGUMENT

Default judgment should be entered against iBackPack of Texas because (i) the allegations of the Complaint are more than sufficient to provide the requisite "fair notice" for purposes of Rule 55, and (ii) all relevant factors weigh in favor of entering default judgment.

Accordingly, the Court should enter the proposed order submitted with this motion, which provides for (i) permanent injunctive conduct provisions to prevent future violations; (ii) a monetary judgment against Defendant for $797,502.20, which represents the consumer injury caused by Defendants' deceptive activities; and (iii) monitoring, reporting, and recordkeeping provisions to ensure Defendant's compliance.

## V. LEGAL ARGUMENT

Entry of default judgment requires that the complaint allege sufficient facts to provide the defaulting defendant with "fair notice"[2] of the claim against it. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498-99 (5th Cir. 2015). Beyond this, in determining whether to enter a default judgment, the district court considers factors such as whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether default was caused by good faith mistake or excusable neglect, the harshness of default judgment, and whether the Court would feel obligated to set aside default on defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### A. The Complaint Provides Fair Notice of Plaintiff's Claim

The Complaint in this action plainly alleges sufficient facts to provide iBackPack of Texas with "fair notice" of the claim that Defendants violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by engaging in deceptive acts or practices in the course of operating multiple crowdfunding campaigns. Specifically, the Complaint alleges that Defendants represented—through a variety of communications, many of which are detailed throughout the Complaint[3]—that it would use the money obtained through those crowdfunding campaigns primarily to develop, produce, complete, and distribute to

---

[2] The "fair notice" requirement is informed by Federal Rule 8(a), which mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015). "Fair notice" is a lesser pleading standard than that required to survive a Rule 12 motion to dismiss. *Id.* at 498 n.3 ("[W]e decline to import Rule 12 standards into the default-judgment context.").

[3] *See* Dkt. 1 ¶¶ 13–17, 21–22, 24, 26, 27.

4

consumers who "backed" the campaigns the products that the campaigns promoted. (Dkt. 1 ¶ 33.)

The Complaint further alleges that these representations were false: rather than use campaign contributions primarily to produce and distribute completed products, Defendants instead used a large share of campaign contributions for Defendant Monahan's own personal purposes and for marketing efforts to raise additional funds for consumers. (Dkt. 1 ¶ 28.) According to the Complaint, Defendants have emptied their corporate bank account and ceased communications with contributors, and have not provided a single completed product to any consumer who contributed to the campaigns. (Dkt. 1 ¶ 28.)

In addition to fair notice of the claim, the Complaint provides iBackPack of Texas with fair notice of the relief sought through this action, which includes a permanent injunction to prevent future violations of the FTC Act and monetary relief to redress consumer injury. (Dkt. 1 at 11.) Accordingly, the well-pleaded allegations of the Complaint are more than sufficient to provide the requisite "fair notice" for entry of default judgment.

### B.     All Relevant Factors Weigh in Favor of Default Judgment

Each relevant factor weighs in favor of entering default judgment against iBackPack of Texas. First, there are no issues of material fact because the well-pleaded allegations of the Complaint are taken as true.[4] Second, the grounds for default are

---

[4] *Nautilus Ins. Co. v. A Best Am. Roofing, LLC*, No. 18-320, 2019 U.S. Dist. LEXIS 57372, at *7–9 (W.D. Tex. Apr. 3, 2019); *Whirlpool Corp. v. Glob. Purification, LLC*, No. 16- 463, 2017 U.S. Dist. LEXIS

5

clearly established: default was sought and entered because iBackPack of Texas is an entity that can only participate in federal litigation through licensed counsel, and no attorney has entered an appearance on its behalf. (Dkt. 25, 26.) Third, nothing in the record in the seven months since entry of default suggests that the default was caused by good faith mistake or excusable neglect. Fourth, as a consequence of iBackPack of Texas's continued failure to obtain counsel, the entity has not participated in litigation, thus prejudicing the FTC.[5] Fifth, entry of default judgment would not be unduly "harsh" because iBackPack of Texas lacks any apparent defense to liability: indeed, as demonstrated in the FTC's motion for summary judgment (Dkt. 35), the entry of judgment against iBackPack of Texas is fully warranted on the merits. Lastly, there is no reason to believe the Court would feel obligated to set aside the default judgment on defendant's motion.

### C. Entry of Default is Warranted

Because (i) the allegations of the Complaint provide the requisite "fair notice" and (ii) all relevant factors weigh in favor of entering default judgment, the FTC is entitled to judgment against iBackPack of Texas pursuant to Rule 55.[6]

---

73165, at *5–7 (E.D. Tex. May 15, 2017); *Geiken v. Anteneh Tesfaye Worku*, No. 15- 2442, 2017 U.S. Dist. LEXIS 67197, at *5–7 (N.D. Tex. May 2, 2017).

[5] *Nautilus Ins. Co.*, 2019 U.S. Dist. LEXIS 57372, at *7–9; *Whirlpool Corp.*, 2017 U.S. Dist. LEXIS 73165, at *5–7; *Geiken*, 2017 U.S. Dist. LEXIS 67197, at *5–7.

[6] As discussed *supra* note 1, the Court would alternatively be justified in entering judgment against iBackPack of Texas pursuant to Rule 56.

## VI. REQUEST FOR RELIEF

The FTC seeks relief against iBackPack of Texas pursuant to Section 13(b) of the FTC Act, which expressly authorizes the issuance of a permanent injunction to prevent further violations of the FTC Act. 15 U.S.C. § 53(b) ("[I]n proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction."). It is well-established that Section 13(b)'s grant of authority is broad and encompasses injunctive, monetary, and ancillary relief. *See, e.g., FTC v. Sw. Sunsites, Inc.*, 665 F.2d 711, 718 (5th Cir. 1982) ("Section 13(b) carries with it the authorization for the district court to exercise the full range of equitable remedies traditionally available to it"); *FTC v. Kennedy*, 574 F. Supp. 2d 714, 724 (S.D. Tex. 2008) (Hoyt, J.) (awarding permanent injunctive and monetary relief).

As described more fully below, the relief sought in the proposed order is appropriate to remedy Defendant's past conduct and prevent future violations.

### A. Injunctive Conduct Relief

A permanent injunction is appropriate where a defendant's past or present wrongdoing creates "some reasonable likelihood of future violations." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953); *see also Sw. Sunsites*, 665 F.2d at 723 (injunction is appropriate where evidence "giv[es] rise to a 'fair inference of a reasonable expectation of continued violations' absent restraint"). Prior violations are highly suggestive of the likelihood of future violations. *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980); *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975). Injunctive relief for violations of the FTC Act need not be limited to the precise illegal practice or

activity alleged in the complaint; defendants who have violated the act "must expect some fencing in." *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 395 (1965).

      Here, it is clear from the well-pleaded factual allegations of the Complaint—which are treated as true—that there is a reasonable likelihood that iBackPack of Texas will engage in future violations absent strong injunctive relief. The deceptive conduct was not a momentary lapse, but rather a multi-year, persistent effort to deceive consumers across four crowdfunding campaigns.[7] As consumers' complaints mounted and Defendants faced scrutiny from a crowdfunding platform, Defendants doubled down on their misrepresentations, falsely claiming that products that had never even been produced had either already shipped or were about to ship.[8] Moreover, the brazenness of the conduct—which involved converting hundreds of thousands of dollars of backer contributions to Monahan's personal use[9]—further suggests the likelihood of future violations absent injunctive restraint.

      The proposed order contains two conduct relief provisions crafted to prevent future law violations. Section I would permanently enjoin iBackPack of Texas from engaging or participating in any crowdfunding activities. Section II would enjoin iBackPack of Texas from making, or assisting others in making, material misrepresentations in connection with the promoting or offering for sale any good or

---

[7] *See, e.g.*, Dkt. 1 ¶ 13 (first crowdfunding campaign started in August 2015); *id.* ¶¶ 15–19, 22–25 (describing the launch of Defendants' second, third, and fourth campaigns); *id.* ¶ 30 (Defendants emptied corporate bank accounts and ceased communications with contributors in 2017).

[8] *Id.* ¶¶ 21, 26–27.

[9] *Id.* ¶ 28.

service. The Section I ban goes directly to the core of Defendants' violations, while Section II would serve to broadly enjoin iBackPack of Texas from misrepresentations. Under the circumstances of this case, both provisions are well justified to prevent future violations. Numerous courts in this Circuit have imposed similar bans[10] and prohibitions.[11]

### B. Monetary Relief

The measure of equitable monetary relief in FTC consumer protection matters is the defendant's net revenues: the amount consumers paid minus refunds. *See FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 603 (9th Cir. 2016); *FTC v. Think All Publ'g, L.L.C.*, No. 07-011, 2008 U.S. Dist. LEXIS 18623, at *6 (E.D. Tex. Mar. 11, 2008). The FTC bears the initial burden of providing the court with a reasonable approximation of customers' net losses, and then the burden shifts to the defendant to show that those figures are inaccurate. *See Commerce Planet*, 815 F.3d at 603.

The Court may enter the monetary component of a default judgment without an evidentiary hearing where the amount claimed is capable of mathematical calculation.

---

[10] *See, e.g.*, *United States v. Commercial Recovery Sys., Inc.*, No. 15-036 (E.D. Tex. Apr. 18, 2016) (ordering ban on debt collection); *United States v. Cornerstone Wealth Corp.*, 549 F. Supp. 2d 811, 821 (N.D. Tex. 2008) (ordering ban on engaging in the credit repair business); *FTC v. Churchill*, No. 00-324 (S.D. Tex. Apr. 20, 2001) (Hittner, J.) (entering stipulated orders banning defendants from telemarketing and from credit repair services).

[11] *See, e.g., United States v. Commercial Recovery Sys., Inc.*, No. 15-036 (E.D. Tex. Apr. 18, 2016) (summary judgment order prohibiting misrepresentations in connection with the sale of any product or service); *FTC v. IAB Mktg. Assocs., LP,* No. 14-458 (N.D. Tex. Oct. 10, 2014) (stipulated order prohibiting misrepresentations in connection with the marketing of goods or services); *FTC v. Medical-Billing.Com, Inc.*, No. 02-702 (N.D. Tex. Nov. 19, 2003) (same); *FTC v. Churchill*, No. 00-324 (S.D. Tex. Apr. 20, 2001) (Hittner, J.) (entering stipulated orders banning defendants from telemarketing and from credit repair services).

*Leedo Cabinetry v. James Sales & Distribution*, 157 F.3d 410, 414 (5th Cir. 1998). Here, the amount of revenue generated by Defendants' scheme, net of refunds, is capable of mathematical calculation, and totaled $797,502.20.[12] Therefore, the Court should enter a judgment against iBackPack of Texas for this amount, as set forth in Section III of the proposed order.

### C. Standard FTC Order Provisions to Protect Consumers and to Monitor Defendant's Compliance

Section V of the proposed order would prohibit iBackPack of Texas from disclosing, using, or benefitting from any consumer's information obtained in connection with their crowdfunding activities and requires iBackPack of Texas to properly dispose of consumers' information. These provisions will prevent Defendants' victims from finding themselves on "sucker lists" sold to other scam artists. Courts of this Circuit routinely enter such provisions in FTC enforcement actions.[13]

The proposed order also contains monitoring, compliance reporting, and recordkeeping provisions. Section VI of the proposed order requires iBackPack of Texas to deliver copies of the order to its employees, agents, representatives, principals, and managers. Section VII requires iBackPack of Texas to inform the FTC of, among other things, any changes in its business structure that might affect its compliance obligations

---

[12] Dkt. 35 (Plaintiff's Motion for Summary Judgment), Ex. 1, Declaration of FTC Investigator Kathleen Nolan ¶ 36.

[13] *E.g., United States v. Commercial Recovery Sys., Inc.,* No. 15-036 (E.D. Tex. Apr. 18, 2016) (imposing customer list provisions as part of an award of summary judgment); *FTC v. IAB Mktg. Assocs., LP,* No. 14-458 (N.D. Tex. Oct. 10, 2014) (entering stipulated order with customer list provisions); *FTC v. Medical-Billing.Com, Inc.,* No. 02-702 (N.D. Tex. Nov. 19, 2003) (same); *FTC v. Churchill,* No. 00-324 (S.D. Tex. Apr. 20, 2001) (Hittner, J.) (same).

under the order. Section VIII requires iBackPack of Texas to create and maintain certain business records, while Section IX requires iBackPack of Texas to submit reports and produce other material to the FTC in order to monitor compliance. These provisions are designed to ensure iBackPack of Texas's compliance with the terms of the proposed order, and have been routinely imposed by courts of this Circuit in FTC enforcement actions.[14]

## VII. CONCLUSION

As the well-pleaded allegations of the Complaint provided iBackPack of Texas with more than sufficient "fair notice" of the claim against it, and as all factors weigh in favor of entering default judgment, the Court should grant the FTC's motion and enter its proposed order, which includes monetary relief in an amount equal to consumer injury and permanent injunctive relief to prevent future law violations.

Respectfully submitted,

Dated: February 7, 2020 

/s/ Patrick Roy
Patrick Roy, Attorney-in-Charge
D.C. Bar # 1023521
S.D. Texas (admitted *pro hac vice*)
proy@ftc.gov

Daniel O. Hanks
D.C. Bar # 495823
S.D. Texas (admitted *pro hac vice*)

---

[14] *E.g., United States v. Commercial Recovery Sys., Inc.,* No. 15-036 (E.D. Tex. Apr. 18, 2016) (imposing monitoring and compliance provisions as part of an award of summary judgment); *United States v. Cornerstone Wealth Corp.*, 549 F. Supp. 2d 811, 821 (N.D. Tex. 2008) (same); *FTC v. IAB Mktg. Assocs., LP,* No. 14-458 (N.D. Tex. Oct. 10, 2014) (entering stipulated order with monitoring and compliance provisions); *FTC v. Medical-Billing.Com, Inc.,* No. 02-702 (N.D. Tex. Nov. 19, 2003) (same); *FTC v. Churchill,* No. 00-324 (S.D. Tex. Apr. 20, 2001) (Hittner, J.) (same).

dhanks@ftc.gov

Federal Trade Commission
600 Pennsylvania Ave NW, CC-10232
Washington, DC  20580
202-326-3477 (Roy); -2472 (Hanks)
Facsimile: 202-326-3768

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Patrick Roy, an attorney, hereby certify that on February 7, 2020, I caused to be served true copies of the foregoing Motion for Entry of Default Judgment Against Defendant iBackPack of Texas, LLC, and Supporting Memorandum through the CM/ECF System and by first-class mail.

/s/  Patrick Roy
Patrick Roy
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3477
proy@ftc.gov

Attorney for Plaintiff
Federal Trade Commission