UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>      v.<br><br>IBACKPACK OF TEXAS, LLC, a limited liability company, and<br><br>DOUGLAS MONAHAN, individually and as an officer of iBackPack of Texas, LLC,<br><br>   Defendants. | Case No. 3:19-CV-00160<br><br>**[PROPOSED] ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for a permanent injunction and other equitable relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) on May 6, 2019.  (Dkt. 1.)  On August 26, 2019, the FTC filed an application seeking entry of default against iBackPack of Texas, LLC (Dkt. 25), which was entered by the Clerk, pursuant to Federal Rules of Civil Procedure 55(a), on August 28, 2019 (Dkt. 26.)  Plaintiff has now moved, pursuant to Federal Rule of Civil Procedure 55(b), for entry of default judgment against Defendant iBackPack of Texas, LLC.  The Court, having considered the Plaintiff's motion, and the entire record in this matter, **GRANTS** Plaintiff's motion.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.     This Court has jurisdiction over this matter.

2. Venue is proper in this District under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

3. At all relevant times, the acts and practices of the Defendant have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint charges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in operating deceptive crowdfunding campaigns.

5. The Defendant has failed to answer or otherwise defend this action. The Clerk of the Court properly entered default against the Defendant on August 28, 2019.

6. Because of the Defendant's default, the allegations in the Complaint filed in this action are taken as true.

7. The Complaint states a claim upon which relief may be granted against the Defendant under Section 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b). The Complaint provides "fair notice" of the claim, and all relevant factors weigh in favor of entering default judgment.

8. Section 13(b) authorizes this Court to issue broad injunctive, monetary, and ancillary relief.

9. There is a reasonable likelihood that Defendant will engage in future violations absent the injunctive relief requested.

10. No hearing is necessary for the Court to make a determination with respect to equitable monetary relief, as the amount claimed is capable of mathematical calculation.

11. The FTC is entitled to monetary judgment against Defendant in the amount of $797,502.20, which represents the amount of revenue generated by Defendant's scheme, net of

refunds.

12. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Crowdfunding Activities**" means the practice of funding or otherwise financing a project or venture by raising or soliciting money from multiple people, typically, but not exclusively, via the Internet.

B. "**Defendant**" means iBackPack of Texas, LLC.

## ORDER

### I. BAN ON CROWDFUNDING ACTIVITIES

IT IS ORDERED that Defendant is permanently restrained and enjoined from engaging or participating in any Crowdfunding Activities, whether directly or through an intermediary.

### II. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. that any good or service will be delivered or provided, including any steps that Defendant has taken to deliver or provide such good or service;

B. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund

or the circumstances in which a full or partial refund will be granted to the consumer;

C. any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.  MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of seven hundred ninety-seven thousand, five hundred two dollars and twenty cents ($797,520.20) is entered in favor of the Commission against Defendant, jointly and severally with co-defendant Douglas Monahan to the extent any judgment is entered against him, as equitable monetary relief, with post-judgment interest at the legal rate.

## IV.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendant acknowledges that its Taxpayer Identification Number (Employer Identification Numbers), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

B.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it

determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V.  CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all others in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.  failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B.  disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with any Crowdfunding Activities; and

C.  failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court

order.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.  Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 20 years after entry of this Order, Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibility for marketing activities and all agents and representatives who participate in marketing activities and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.  One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

1.  Defendant must:   (a) identify the primary physical, postal, and email address and

telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.  For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.  Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to

the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:   Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC   20580.   The subject line must begin:   FTC v. iBackPack of Texas.

## VIII.   RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.   Specifically, Defendant in connection with promoting or offering for sale any good or service must create and retain the following records:

A.     accounting records showing the revenues from all goods or services sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:   name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     a copy of each unique advertisement or other marketing material.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission,

Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** \_\_\_\_\_ **day of** _____**, 2020.**

_____
UNITED STATES DISTRICT JUDGE