UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED
MAR 02 2020
David J. Bradley, Clerk of Court

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

IBACKPACK OF TEXAS, LLC, a limited liability company, and

DOUGLAS MONAHAN, individually and as an officer of iBackPack of Texas, LLC,

Defendants.

Case No. 3:19-cv-00160

## DEFENDANT DOUG MONAHAN'S MOTION TO MEDIATE

MAY IT PLEASE THE COURT:

Comes now Doug Monahan, moving for the appointment of an impartial third party Mediator per the attached proposed order (Exhibit A). Please note Exhibit B, a list of proposed third parties to serve as Mediator.

Movant requests the appointment either on this Motion or sua sponte on the Court's own Motion, with or without hearing, as provided for by law.

Respectfully submitted,

                                        Doug Monahan
                                        attorney pro se

the Court will be advised by the Mediator, parties and counsel, only that the case did or did not settle.

The Mediator shall not be a witness nor may the Mediator's records be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving of attending any mediation session.

Fees for the mediation are to be divided and borne equally by the parties unless agreed otherwise, shall be paid by the parties directly to the Mediator prior to the beginning of the session, and shall be taxed as costs. The Mediator may report same to the District Clerk for the purposes of assessing costs.

Each party and their counsel will be bound by the Rules for Mediation printed on the attachment hereto, and shall complete the information forms as are furnished by the Mediator.

Named parties shall be present during the entire mediation process and each corporate party must be an executive officer with authority to negotiate a settlement.

Counsel and parties shall proceed in a good faith effort to try to resolve this case and shall agree upon a mediation date within the next 14 days. If no agreed date can be scheduled within the next 14 days, then the Mediator shall select a date within the next 30 days and all parties shall appear as directed by the Mediator.

Referral to mediation is not a substitute for trial and the case will be tried if not settled.


SIGNED: _____, 2020


Honorable Judge Andrew Edison

**TTACHMENT TO ORDER FOR REFERRAL FOR MEDIATION**

**RULES FOR MEDIATION**

1. Definition of Mediation. Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement, or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

2. Agreement of the Parties. Whenever the parties have agreed to mediation they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to mediate.

3. Consent to Mediator. The parties consent to the appointment of the individual named as mediator in their case. The Mediator shall act as an advocate for resolution and shall use his best efforts to assist the parties in reaching a mutually acceptable settlement.

4. Conditions Precedent to Serving as Mediator. The Mediator will only serve in cases in which the parties are represented by attorneys. The Mediator shall not serve as a mediator in any dispute in which he has any financial of personal interest in the result of the mediation. Prior to accepting an appointment, the Mediator shall disclose circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

5. Authority of Mediator. The Mediator does not have the authority to decide any issue for the parties, but will hopefully help resolve the differences.

**RULES FOR MEDIATION**

1. Definition of Mediation. Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement, or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

2. Agreement of the Parties. Whenever the parties have agreed to mediation they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to mediate.

3. Consent to Mediator. The parties consent to the appointment of the individual named as mediator in their case. The Mediator shall act as an advocate for resolution and shall use his best efforts to assist the parties in reaching a mutually acceptable settlement.

4. Conditions Precedent to Serving as Mediator. The Mediator will only serve in cases in which the parties are represented by attorneys. The Mediator shall not serve as a mediator in any dispute in which he has any financial of personal interest in the result of the mediation. Prior to accepting an appointment, the Mediator shall disclose circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

5. Authority of Mediator. The Mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the Mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the Mediator or the parties, as the Mediator shall determine.

6. Commitment to Participate in Good Faith. While no one is asked to commit to settle their case in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

7. Parties Responsible for Negotiating Their Own Settlement. The parties understand that the Mediator will not and cannot impose a settlement in their case and agree that they are responsible for negotiating a settlement acceptable to them. The Mediator, as an advocate for settlement will use every effort to facilitate the negotiations of the parties. The Mediator does not warrant or represent that settlement will result from the mediation process.

                                                                Doug Monahan

8. Authority of Representatives. PARTY REPRESENTATIVES MUST HAVE THE AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION TO SETTLE SHALL BE PRESENT. The names and addresses of such persons shall be communicated in writing to all parties and to the Mediator.

9. Time and Place of Mediation. The Mediator shall fix the time of each session. The mediation shall be held at _____

_____

10. Identification of Matters of Dispute. Prior to the first scheduled mediation session, each party shall provide the Mediator and all attorneys of record with an Information Sheet and Request for Mediation on the form provided by the Mediator setting forth its position with regard to the issues that need to be resolved. At or before the first session, the parties will be expected to produce all information reasonably required for the Mediator to understand the issues presented. The Mediator may require any party to supplement such information.

11. Privacy. Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the Mediator.

12. Confidentiality. Confidential information disclosed to a Mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the Mediator. All records, reports, or other documents received by a mediator while serving in that capacity shall be confidential. The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum. Any party that violates this agreement shall pay all fees and expenses of the Mediator and any other parties, including reasonable attorney's fees, incurred in opposing the efforts to compel testimony or records from the Mediator.

13. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitrary, judicial or other proceeding: a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; b) admissions made by another party in the course of the mediation proceedings; c) proposals made or views expressed by the Mediator; or d) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the Mediator.

14. No Stenographic Record. There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

15. No Service of Process at or Near the Site of the Mediation Session. No subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending, or leaving the session.

16. Termination of Mediation. The mediation shall be terminated: a) by the execution of a settlement agreement by the parties; b) by declaration of the Mediator to the effect that further efforts at mediation are no longer worthwhile; c) after the completion of one full mediation session, by a written declaration of a party of parties to the effect that the mediation proceedings are terminated.

17. Exclusion of Liability. The Mediator is not a necessary or proper party in judicial proceedings relating to the mediation. Neither Mediator nor any law firm employing Mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules, with all parties firmly indemnifying said Mediator against any said claims. Further, all parties agree to Binding Arbitration of any and all claims or matters involving the Mediator and the Mediation session.

18. Interpretation and Application of Rules. The Mediator shall interpret and apply these rules, including Rule 17.

19. Fees and Expenses. The Mediator's daily fee shall be agreed upon prior to mediation and shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of Mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the Mediator, shall be borne equally by the parties unless they agree otherwise.