

UNITED STATES OF AMERICA
Federal Trade Commission
HEADQUARTERS (HQ)

Patrick Roy
Bureau of Consumer Protection
Phone: (202) 326-3477
Email: proy@ftc.gov

March 12, 2020

The Hon. Andrew M. Edison, U.S. Magistrate Judge
United States Courthouse
601 Rosenberg Avenue, Seventh Floor
Galveston, TX  77550

**RE:   Response to Requests for Pre-Motion Conferences,**
*FTC v. iBackPack of Texas, LLC*, **No. 3:19-cv-00160**

Dear Judge Edison:

　　The Federal Trade Commission ("FTC") is in receipt of defendant Douglas Monahan's requests for pre-motion conferences (Dkt. 43 & 44), which concern Monahan's response in opposition to the FTC's motion for summary judgment (Dkt. 35). The gist of Monahan's requests, as the FTC understands them, is that Monahan would like to file a different opposition brief than the one he mailed to the Clerk on March 6.[1]

　　Based on the information presented in Monahan's requests, which is scant, the FTC would oppose the motions. The FTC's impression is that Monahan realized only on his filing deadline that he was unprepared to present evidence in his defense, and is now seeking another bite—or series of bites—at the apple.

　　Although the basis for Monahan's motions are not expressly identified in his papers, the motions can be understood as made pursuant to Rule 56(d) of the Federal Rules of Civil Procedure:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

---

[1] Monahan's opposition was originally due on February 28 before the deadline was extended to March 6 at Monahan's request (which was unopposed by the FTC).

To obtain relief pursuant to Rule 56(d), "it is not enough to rely on vague assertions that discovery will produce needed, but unspecified, facts." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999) (internal quotation omitted). Rather, the party must identify specific evidence and show how it will create a genuine issue of fact. *Id.* The party must also show "why it is currently unable to present evidence creating a genuine issue of fact" and, to warrant relief, it "must have exercised due diligence." *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005). *See also* 11 James Wm. Moore *et al.*, *Moore's Federal Practice* § 56.103 (2020) ("The primary factor considered by the courts in deciding whether to grant a request for additional time for discovery is whether the party seeking the additional time has acted diligently.").

Rather than making the specific showing required under Rule 56(d), Monahan's papers are limited to a vague assertion that "I need to get some files from my CPA" and that "[t]hese are needed to sufficiently support my case." (Dkt. 44.) Monahan does not identify the specific evidence that he claims to need or explain how it would create a triable issue of fact. And, critically, he makes no showing to explain why he has been unable, until now, to develop this purportedly essential evidence.

Plaintiff's motion for summary judgment is by no means premature: this action has been pending for approximately ten months, discovery closed on January 31, and Plaintiff's motion for summary judgment was filed on the February 7 dispositive motion deadline. (*See* Dkt. 20, Docket Control Order.) Monahan has had ample opportunity to develop evidence, particularly evidence about his own financial records that are under his control. Monahan offers no explanation whatsoever, let alone the detailed showing required by Rule 56(d), why he has been unable to develop such evidence. Rule 56(d) is not a remedy for a party's lack of diligence or failure to treat litigation obligations seriously.[2] *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) ("The trial court need not aid [Rule 56] non-movants who have occasioned their own predicament through sloth.").[3]

---

[2] To the extent that the unspecified evidence that is the subject of Monahan's request purportedly supports Monahan's contention that the Defendants did in fact use crowdfunding campaign funds primarily to develop, produce, complete, or deliver campaign products, it was sought but not produced in discovery, and thus is potentially subject to exclusion pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.

[3] In addition, the FTC notes that Monahan has offered shifting stories concerning the status of his opposition filing. On March 9, in an e-mail sent to the Case Manager and copied to an FTC attorney, Monahan represented that he had mailed opposition papers to the Court, but had "included by mistake" a draft of his opposition brief, rather than the "real" version of that brief (which Monahan's e-mail describes as twenty-five pages long). Monahan's e-mail further represented that the "real" brief would be delivered to the Court by courier that same day, March 9. From Monahan's current filings, however, it appears that he did not inadvertently neglect to include a twenty-five page version of the brief in a mailing to the Court on March 6, but instead simply wanted more time.

For these reasons, the FTC respectfully requests that the Court deny Monahan's request to file a replacement opposition brief. If, instead, the Court determines to grant Monahan's request, the FTC respectfully suggests the following:

- emphasizing for Monahan that the new filing deadline is firm and will not be revised, and that further replacement oppositions will not be considered;

- directing Monahan to electronically serve his opposition by secure file transfer on the same date it is submitted to the Court;[4] and

- modifying the remaining deadlines on the Docket Control Order, which originally contemplated that any summary judgment oppositions would be filed by February 28.

                                        Respectfully,

                                        /s/ Patrick Roy, Counsel for Plaintiff

cc:     Douglas Monahan

---

[4] As noted in the FTC's letter of March 10, Monahan declined to send a copy of his opposition to the FTC, despite multiple communications from the FTC on this point. (Dkt. 42 & att.)